# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ABULAY NIAN,

                 Petitioner,          :    Case No. 2:17-cv-313

   - vs -                            District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

WARDEN, North Central
  Correctional Complex,

                                    :
                Respondent.

# DECISION AND ORDER

This habeas corpus case is before the Court on Motion of the Respondent to Dissolve the Conditional Writ of habeas corpus this Court issued pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit (ECF No. 22).  See *Nian v. Warden, N. Cent. Corr. Inst*., 994 F.3d 746 (6th Cir. 2021).  Respondent reports that the Common Pleas Court of Delaware County, Ohio, has conducted a hearing on Petitioner's motion for new trial and entered judgment denying that motion.  Because those actions prima facie satisfy the conditions ordered by the Sixth Circuit and imposed by this Court, Respondent seeks to have the writ dissolved.

Petitioner opposes the Motion and seeks a stay of these proceedings pending his appeal from the denial of his Motion for New Trial (ECF No. 24).  Respondent has not filed a reply in support and the time for doing so under S. D. Ohio Civ. R. 7.2 has expired.

The Court agrees with Petitioner that Respondent's Motion is premature.  The Sixth Circuit's remand directed that the Delaware County Court of Common Pleas conduct an

1

evidentiary hearing on Petitioner's Motion for New Trial, a so-called *Remmer* hearing[1]. In compliance with the mandate, this Court issued the Conditional Writ (ECF No. 20). Respondent's Motion shows at least prima facie compliance with the Conditional Writ: hearing held, witnesses heard, testimony evaluated at some length, decision entered. But Petitioner has objections to that decision which he intended to appeal not later than January 12, 2022; he does not disclose the content of those objections.

From the Magistrate Judge's experience, the Ohio courts treat trial court decisions denying motions for new trial as final appealable orders. Thus this Court expects the Delaware County Court of Appeals to take jurisdiction of Petitioner's appeal. This is part of the ordinary Ohio process with motions for new trial and thus at least colorably within the contemplation of the Sixth Circuit when it remanded the case. Accordingly the Motion to Dissolve is denied as premature without prejudice to its renewal when the state appellate process is completed.

Petitioner also seeks a stay of these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005). In recognizing in that case the authority of District Court to stay proceedings, the Supreme Court also held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the

---

[1] *Remmer v. United States*, 347 U.S. 227 (1954).

> petitioner had good cause for his failure to exhaust, his unexhausted
> claims are potentially meritorious, and there is no indication that the
> petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

The Sixth Circuit explicitly recognized that "[Nian] is free to seek habeas relief if he finds the State's process constitutionally inadequate." 994 F. 3d at 759. At this point the Court does not know whether or in what ways Nian may believe the process he has now received from the Delaware County Court of Common Pleas is "constitutionally inadequate"; he may be appealing on the basis of state law issues. If Nian has constitutional claims about that process, he must move to amend his Petition to add those claims; any such motion shall be made not later than March 1, 2022. At the same time, he should formally move for a stay under *Rhines*.

Those claims should be raised in this case because pleading them in a new habeas petition could arguably require circuit court permission to proceed under 28 U.S.C. § 2244(b). Such a petition would arguably not be "second or successive" because it would be attacking a new judgment of the state courts, i.e., the judgment denying a new trial. The opposing argument would be that it is second or successive because it would still be attacking the original judgment of conviction. It is very likely that even if the circuit court found it second or successive, it would grant permission, but there is no need to run that procedural gauntlet.

January 19, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

3